[610 NYS2d 297]

In the Matter of JOSEPH D. JOHNSON, JR. (Admitted as JOSEPH DAMON JOHNSON, JR.), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 11, 1994

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

*Joseph D. Johnson, Jr.,* New York City, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with two allegations of professional misconduct. The Special Referee sustained both charges. The petitioner now moves to confirm the report of the Special Referee. The respondent has submitted an affirmation to confirm the report of the Special Referee which also sets forth certain mitigating circumstances.

Charge One alleged that the respondent wrongfully misappropriated and converted to a use not intended by his client, nor as required by his obligations as an attorney, the sum of $10,000, which was the property of his client, Florence Spagnola. The respondent represented Spagnola in the sale of her house to a Mr. and Mrs. Getman. A contract of sale was executed on or about May 15, 1992, pursuant to which $10,000 was paid by the Getmans to the respondent, as counsel for the seller. The contract of sale indicates that the respondent, as the seller's attorney, was to hold the $10,000 down payment in escrow. On July 13, 1992, the sale was closed, and the respondent and Spagnola agreed that respondent would pay the realtor's fee of $5,000 from the escrow fund of $10,000 which the respondent was supposed to be holding and which, as a result of the closing, was now due and owing to Spagnola. The remaining $5,000 was to be paid directly to Spagnola.

On or about July 13, 1992, the respondent issued a check for $5,000 to the realtor "Atanas Realty". That check was written on a nonattorney account and was returned for insufficient funds. The respondent wrote another check on July 13, 1992 from the same account for $4,185 to Spagnola. That check was also returned for insufficient funds. On July 22, 1992, the respondent wrote another check from the same account for $5,000. That check was returned as the account had been closed. At no relevant time did the account upon which the checks were written contain funds sufficient to represent the

down payment the respondent was required to have been holding as escrowee and as attorney for the seller. The respondent did not repay any of the money held by him until on or about August 27, 1992, when he paid Spagnola $5,500 in cash. On or about September 4, 1992, the respondent repaid the complainant the remainder of the $10,000, also in cash. By reason of the foregoing, the respondent is guilty of converting and misappropriating the $10,000 belonging to his client, Florence Spagnola, and has thus violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]), as well as Code of Professional Responsibility DR 9-102 (B) and (C) (22 NYCRR 1200.46 [b], [c]).

Charge Two alleged that the respondent has failed to cooperate with the lawful investigations of the Suffolk County Bar Association and the petitioner into his professional conduct, relative to complaints lodged against him by Douglas, Elaine, and Marvin Spero. On July 26, 1991, the Grievance Committee received a complaint against the respondent from Douglas A. Spero. On July 30, 1991, the Grievance Committee received a complaint against the respondent from Elaine V. Spero. On July 30, 1991, the Grievance Committee also received a complaint against the respondent from Marvin C. Spero. On August 7, 1991, the three complaints were consolidated and the matter was transferred to the Suffolk County Bar Association Grievance Committee for investigation and determination. The respondent failed to respond to four letters sent to him by the Bar Association which demanded his written answer to the complaint. None of these letters was returned by the United States Postal Service as undelivered. On November 27, 1991, the matter was returned to the Grievance Committee because of the respondent's failure to respond to the complaints.

On December 19, 1991, counsel sent a letter to the respondent, by certified mail, return receipt requested, demanding his response to the complaints within 15 days following his receipt of the letter. Respondent acknowledged receipt of the letter but did not answer it. On February 7, 1992, Grievance Committee counsel sent the respondent letters by certified mail, return receipt requested, and by regular mail, to both of the respondent's most recent addresses, wherein the respondent was directed to respond within five days or counsel would move to suspend the respondent from the practice of law pursuant to 22 NYCRR 691.4. Despite the respondent's receipt of the letter of February 7, 1992, the respondent failed to

reply to that letter, and a motion to suspend the respondent from the practice of law was made on February 26, 1992. By reason of the foregoing, the respondent has failed to cooperate with the lawful investigations of both the Suffolk County Bar Association and the Grievance Committee for the Tenth Judicial District into the respondent's professional conduct, in violation of 22 NYCRR 691.4 and Code of Professional Responsibility DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained both charges of professional misconduct alleged against the respondent. The respondent is guilty of the misconduct charged and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's long history of public service, his prior unblemished record and the fact that all parties were made whole prior to the opening of the complaint regarding his escrow account. The respondent is, nevertheless, guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph D. Johnson, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph D. Johnson, Jr. shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Joseph D. Johnson, Jr. is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.